UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 10-60521-CV-LENARD/TURNOFF

BRADLEY R. KARNS,

    Plaintiff,
vs.

QAR, LLC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Defendant's Verified Motion for Attorney's Fees **[DE43]** and an Order of Referral entered by the Honorable Joan A. Lenard. **[DE44]**. A hearing on this Motion **[DE43]** took place before the undersigned on March 16, 2011.

Upon review of the Motion **[DE43]**, the Response **[DE49]**, the court file, hearing argument from counsel, and being otherwise duly advised in the premises, the undersigned makes the following findings.

### Background

This action was filed by Plaintiff, Bradley Karns ("Plaintiff"), against Defendant QAR, LLC ("QAR") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Practices Act ("TCPA"), and the Florida Consumer Collection Practices Act ("FCCPA"). The Complaint alleges, among other things, failure to disclose status as a debt collector, failure to make a meaningful disclosure of identity, telephone harassment and abuse by excessive calling, telephonic harassment and abuse by unauthorized calls to a cellular phone, and illegal collection techniques. Compl. **[DE1]**.

The Complaint originally named only QAR as a Defendant. Id. QAR was served with the Complaint on April 7, 2010. **[DE3]**. According to QAR, its managing member, George Bechakas ("Bechakas"), promptly advised Plaintiff's counsel that QAR never attempted to collect a debt from Plaintiff, and that QAR did not possess an account on which Plaintiff was a debtor. See Bechakas Aff. **[DE13]**. Based on that communication, QAR understood that Plaintiff's counsel had agreed to dismiss QAR from the suit. **[DE43]**. Plaintiff, however, moved for a Clerk's Default on June 16, 2010. **[DE5]**. Same was entered on June 17, 2010. **[DE6]**. On June 24, 2010, QAR filed a Motion to Vacate the Clerk's Default. **[DE8]**. Same was granted on June 25, 2010. **[DE11]**.

On September 14, 2011, QAR served upon Plaintiff a Motion for Rule 11 Sanctions. On September 27, 2010, Plaintiff filed a Motion to Amend and/or Correct the Complaint specifically seeking to dismiss QAR from the litigation and add, in its place, attorney Frank Falzone as a Defendant. Same was granted by Judge Lenard on October 4, 2010, and QAR was dismissed from the action. **[DE32]**. The instant Motion for Attorney's Fees **[DE43]** followed.

## Analysis

QAR seeks attorney's fees against Plaintiff and his counsel pursuant to 28 U.S.C. §1927, the FDCPA, 15 U.S.C. § 1692k, and FCCPA, Fla.Stat. § 559.77. QAR specifically argues that Plaintiff should have dismissed it from this action at the outset because, among other things, "discovery responses made clear that QAR never attempted to collect a debt and was not the debt collector who left the message quoted in the Complaint." Id. According to QAR, Plaintiff initially agreed to dismiss the action, but instead, petitioned the Clerk of the Entry of a Default. QAR also argues that had Plaintiff conducted a proper investigation prior to filing the Complaint, it would have been able to confirm that QAR was not the proper party. In this connection, QAR suggests that it repeatedly

2

requested dismissal and even offered to pay a settlement to resolve this matter. In sum, QAR argues that Plaintiff only dismissed this action upon being threatened with the filing of a Rule 11 Motion for Sanctions.

Plaintiff, on the other hand, disagrees. Plaintiff claims that he named QAR based upon information gathered from a review of, *inter alia*, internet articles linking now named Defendant Falzone to QAR. In this regard, Plaintiff argues that QAR's corporate registration shows its address as "Suite 303-332, 5140 Main Street, Williamsville, New York, 14221." According to Plaintiff, a review of Falzone's Bar registration links him to the same location. Plaintiff also cites to the case of Dean Anderson v. QAR, LLC, et al, Case No: 2-10-cv-00711-LA, which names both QAR and Falzone, as well as Bechakas as Defendants. Some of these sources were produced by counsel at the hearing. See e.g., Next Level Credit, *QAR, Quadrant Accounts Receivable, Falzone Law Office & More Going on in New York*, (June 24, 2010), http://nextlevelunlimited.net/blog/qar-quadrant-accounts-receivable-falzone-law-office-more-going-on-in-new-york/.

Plaintiff's counsel further indicates that he did place a call to the number alleged in the complaint on April 7, 2009. He claims that at that time, an unidentified male confirmed that the phone number belonged to Falzone, an agent of QAR. Plaintiff also argues that QAR never substantiated, with proper documentation, its contention that it was not the proper party. Plaintiff specifically argues that QAR's discovery responses did not clearly indicate that QAR was not the correctly named party. Rather, according to Plaintiff, QAR's discovery responses were purposefully evasive and contained mostly objections.

In this connection, Plaintiff refers to the following discovery requests. Request for Production No. 56: requested, "All exhibits which Defendant proposes to introduce at trial." QAR

3

responded, "Defendant objects to this request on the grounds it seeks the production of documents protected by attorney-client privilege and work product doctrine. Without waiting any objections, Defendant states it has not yet identified the exhibits it will seek to introduce at trial." **[DE49-1]**. Request No. 61 requested "all documents that support the factual basis of Defendant's denial of any of the allegations alleged in Plaintiff's Complaint." QAR responded, "Subject to the general objections, Defendant will provide documents to show the address for its principal place of business. Otherwise, Defendant has no documents responsive to this request." Id. Request for Production No. 62 requested, "All documents that support the factual basis of any Affirmative Defense asserted by Defendant in its Answer and Affirmative Defenses." QAR responded, "Subject to the general objections, Defendant will provide responsive documents, if any. Id. Upon review of the foregoing, the undersigned agrees that QAR's responses failed to make its position, i.e., that it was the wrong party, clear at the outset.

Plaintiff further indicates that he conducted a re-investigation when faced with the Rule 11 motion. Thereafter, Plaintiff filed a motion to amend his Complaint to substitute QAR with Frank Falzone, an attorney who practices from the same address as QAR, and uses a number of aliases and is also involved in debt collection. Because Plaintiff amended his complaint within the 21 day safe harbor period provided for by Rule 11, he argues that there is no basis for QAR's request for attorney's fees. In fact, in Plaintiff's view, it was QAR that acted in bad faith by not approaching Plaintiff with the need for a Rule 11 motion until September 14, 2010, when its billing records indicate that it had pondered the idea of such a motion in June 2010. **[DE49]**.

Although the docket does not reflect exactly when the Rule 11 motion was served, QAR's billing records show that the motion was in fact served on September 14, 2010. **[DE43-1]**. The entry

4

immediately following the Rule 11 motion reflects the receipt of an email from Plaintiff's counsel indicating that he would be amending the Complaint. Id. The amendment was in fact made on September 27, 2011 [DE30], well within Rule 11's safe harbor period.

As noted above, QAR seeks sanctions under 28 U.S.C. § 1927, the FDCPA, 15 U.S.C. § 1692k, and the FCCPA, Fla. Stat. §559.77. § 1927 specifically provides for the recovery of attorneys' fee and costs – from counsel personally – upon a finding that he or she "so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Similarly, § 1692k(3) allows recovery of attorney's fees upon a finding that the action was brought in bad faith and for the purpose of harassment. 15 U.S.C. § 1692k. The FCCPA also allows the recovery of court costs and reasonable attorney's fees upon a finding that the suit fails to raise a justiciable issue of law or fact. Fla. Sta. § 559.77 (2). No such circumstances exist here.

Upon review of the motion, the response, the court file, hearing argument from counsel, and being otherwise duly advised in the premises, the undersigned finds that the conduct herein, albeit somewhat careless, does not rise to a level warranting sanctions. This Court is satisfied that Plaintiff and his counsel did the best they could to conduct a good faith investigation, with the information they had available to them, before naming QAR as a defendant.

Accordingly, it is hereby **RESPECTFULLY RECOMMENDED** that Defendant's Verified Motion for Attorney's Fees **[DE43]** be **DENIED**.

Pursuant to 28 U.S.C. 636 (b)(1)(c), the parties may file written objections to this Report and Recommendation with the Honorable Joan A. Lenard, United States District Court Judge, within fourteen (14) days of receipt. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F. 2d 1144,

reh'g denied, 7 F. 3d 242 (11th Cir. 1993) (*en banc*); LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this 15th day of April 2011.

*/s/ W. C. Turnoff*
_____
**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc: Hon. Joan A. Lenard
    Counsel of Record